IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JOHN WILLIE MCRAE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 323-043 |
| | ) | |
| SHERIFF SIM DAVIDSON, | ) | |
| | ) | |
| Defendant. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, currently detained at Telfair County Jail, filed this case pursuant to 42 U.S.C. § 1983.  Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.     SCREENING THE AMENDED COMPLAINT**

**A.     BACKGROUND**

Plaintiff names one Defendant in his amended complaint:  Telfair County Sheriff Sim Davidson. (Doc. no. 1, pp. 1-2.)  Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Since his arrest in November of 2022, Plaintiff has been in pretrial detention at the Telfair County Jail, which operates under Defendant's command and authority.  (See doc. no. 1, pp. 4-5.) Plaintiff alleges Defendant has denied Plaintiff his "constitutional privileges" of one hour per day of recreation, sunlight, and fresh air.  (Id. at 3, 5.)  Plaintiff did not receive a response to his

grievance concerning this issue.  (Id. at 6-8.)  Plaintiff does not report any injuries as a result of failing to receive one hour of recreation, sunlight and fresh air per day, but he seeks $150,000 in punitive damages.  (Id. at 5.)

B.     DISCUSSION

1.     Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it

2

"tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*).  However, this liberal construction does not mean that the Court has a duty to re-write the complaint.  See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Valid Claim Regarding His Conditions of Confinement

As a pretrial detainee, Plaintiff's claims arise under the Due Process Clause of the Fourteenth Amendment, and when analyzing such claims, the Eleventh Circuit routinely looks to precedent concerning the cruel and unusual punishment clause of the Eighth Amendment. Grochowski v. Clayton Cnty., Ga., 961 F.3d 1311, 1318 (11th Cir. 2020).  The Eighth Amendment requires that prisoners are afforded adequate food, clothing, shelter, and medical care, and prison officials must take reasonable measures to ensure prisoner safety.  Farmer v. Brennan, 511 U.S. 825, 832 (1994); see also Belcher v. City of Foley, Ala., 30 F.3d 1390, 1396 (11th Cir. 1994) (explaining that minimum standard of providing basic necessities to pretrial detainees under due process clause is same as standard for convicted persons under Eighth Amendment).  "Generally speaking, prison conditions rise to the level of an Eighth Amendment violation only when they 'involve the wanton and unnecessary infliction of pain.'"  Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004).  Indeed, "the Constitution

does not mandate comfortable prisons." Id. (citing Rhodes v. Chapman, 452 U.S. 337, 349 (1981)).

Furthermore, the Supreme Court mandates detainee treatment may not amount to punishment; therefore, restrictions must be reasonably related to a legitimate government objective, not arbitrary or purposeless. See Bell v. Wolfish, 441 U.S. 520, 536-40 (1979); Lynch v. Baxley, 744 F.2d 1452, 1463 (11th Cir. 1984). As the Eleventh Circuit has explained:

> [T]he level at which states provide pretrial detainees with basic necessities—in addition to being "reasonably related to a legitimate governmental objective"— must meet the standards applied under the eighth amendment prohibition on cruel and unusual punishment, i.e. they must furnish the detainees with a reasonably adequate diet and living space . . . .

Hamm v. DeKalb Cnty., 774 F.2d 1567, 1574 (11th Cir. 1985).

Here, the Court applies a two-part test to evaluate Plaintiff's deliberate indifference claim. See Grochowski, 961 F.3d at 1318 (citations omitted); Greenway v. So. Health Partners, Inc., 827 F. App'x 952, 958 (11th Cir. 2020) (*per curiam*). First, Plaintiff must satisfy an objective prong by showing the conditions about which he complains are sufficiently serious. Chandler, 379 F.3d at 1289. The conditions of his confinement must be "extreme" such that it "poses an unreasonable risk of serious damage to his future health or safety." Id.; see also Ivory v. Warden, 600 F. App'x 670, 676 (11th Cir. 2015) (*per curiam*); Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010). "The risk must be 'so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.'" Redding v. Georgia, 557 F. App'x 840, 843 (11th Cir. 2014) (*per curiam*) (citing Helling v. McKinney, 509 U.S. 25, 33 (1993)).

Second, Plaintiff must satisfy a subjective prong by showing that Defendant acted with a culpable state of mind, which is judged under a "deliberate indifference" standard. Chandler,

4

379 F.3d at 1289.  "Proof of deliberate indifference requires a great deal more than does proof of negligence."  Goodman v. Kimbrough, 718 F.3d 1325, 1332 (11th Cir. 2013).  The prison official must know of and disregard an "excessive risk to inmate health or safety."  Farmer, 511 U.S. at 837.  In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference."  Id.

Plaintiff's factual allegations fail to state a valid conditions of confinement claim.  The amended complaint states only that he does not receive one hour per day of recreation, sunlight, and fresh air.  (Doc. no. 1, pp. 3, 5.)  His allegations contain no more detail, including how or when Defendant denied these privileges or any reason for doing so.  Nor does Plaintiff allege a lack of *all* access to recreation, sunlight, and fresh air, only that he does not get access for one hour per day every day of the week.  Plaintiff also does not allege he was injured by the lack of daily access to recreation, sunlight, and fresh air.  His amended complaint is simply an "unadorned, the-defendant-unlawfully-harmed-me accusation," which fails to meet federal pleading standards.  Iqbal, 556 U.S. at 678.  Regardless, mere denial of outdoor time does not automatically state a conditions of confinement claim in the Eleventh Circuit.  See Christmas v. Nabors, 76 F.4th 1320, 1331-32 (11th Cir. 2023); Boatwright v. Wade, No. 416-cv-00294-KOB-HGD, 2017 WL 3836078,  at *6 (N.D. Ala. Mar. 13, 2017) ("There is no *per se* constitutional right guaranteeing pretrial detainees outdoor exercise."), *adopted by* 2017 WL 3820959 (N.D. Ala. Aug. 31, 2017).  As the Eleventh Circuit recently explained, when a pretrial detainee plaintiff fails to plead facts that cause a court to reasonably infer a defendant intended to punish him by limiting access to recreational activity, the plaintiff fails to state a valid Due Process Claim.  See Christmas, 76 F.4th at 1331-32.

5

Similarly, because Plaintiff provides no context to the alleged denial of recreation, sunlight, and fresh air, he fails to show Defendant's actions were not reasonably related to a legitimate governmental objective. See Villarreal v. Woodham, 113 F.3d 202, 207 (11th Cir. 1997) ("A necessary restriction is the confinement of the pretrial detainee."); Lynch, 744 F.2d at 1463 ("If a restriction is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court may infer that the purpose of the government action is punishment."). The Court cannot find Defendant's alleged actions lacked a legitimate government objective without any allegations Defendant's decision was arbitrary or purposeless. See Iqbal, 556 U.S. at 678; see also Whisman v. Buice, No. 5:10-CV-503 (CAR), 2012 WL 601923, at *3 (M.D. Ga. Jan. 6, 2012) (explaining "[o]utdoor exercise or recreation may be restricted based on resource limitations or on legitimate government purposes, such as security"), adopted by 2012 WL 602127 (M.D. Ga. Feb. 23, 2012).

In sum, Plaintiff fails to state a claim against Defendant for violating his Due Process rights.

## II.     CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of October, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA